[No. 3391.]

## WINBORN WILLIAMS *v.* THE STATE.

1. PRACTICE — CHARGE OF THE COURT.—The rule is mandatory that, upon the trial of a felony case, the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the cause. Such written charge must be certified by the judge and filed among the papers in the case, and shall then constitute a part of the record in the case.

2. SAME.— A paper purporting to be a charge of the court, though it appears to have been filed in the cause, must be authenticated by the signature of the judge, or it will not be accepted by this court as the charge of the lower court.

APPEAL from the District Court of Live Oak. Tried below before the Hon. D. P. Marr.

The conviction in this case was in the second degree for the murder of J. D. Edwards, in Live Oak county, Texas, on the 15th day of October, 1884. A term of twenty years in the penitentiary was the penalty assessed against the appellant. While the ruling

on this appeal does not call for a statement of the facts, it may be remarked that this is the companion case to the case of *Lewis* v. *The State, ante,* p. 401, and the conviction was based upon precisely the same evidence which is therein set out.

*Walton, Hill & Walton,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

Willson, Judge. Upon the trial of a felony case the law is mandatory that the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case. (Code Crim. Proc., art. 677.) And this written charge shall be certified by the judge and filed among the papers in the cause, and shall constitute a part of the record of the cause. (Code Crim. Proc., art. 680.)

In the case before us it does not appear that any written charge was delivered to the jury. It is recited in the judgment that the jury received the charge of the court, but whether that charge was written or verbal, or whether it was certified by the judge and filed among the papers in the cause, does not appear.

There is in the record a paper which purports to be a charge of the court, and the same appears to have been filed in this cause, but it is not signed by the trial judge, and, without being authenticated by his signature, it cannot be considered as a charge, or as a record in the cause. It not appearing affirmatively from the record before us that a written charge upon the law of the case was delivered to the jury, we must necessarily, for this reason, set aside the conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered June 10, 1885.]